IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| HENRY SEBASTIAN ROHDEN, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:06-CV-0146 |
| | § | |
| H.R. RIOS JR., Warden, | § | |
| Federal Correctional Institution, Florence, CO, | § | |
| | § | |
| Respondent. | § | |

**REPORT AND RECOMMENDATION
TO DISMISS PETITION FOR A WRIT OF HABEAS CORPUS
AS TIME BARRED UNDER 28 U.S.C. § 2244(d)**

Came for consideration the Petition for a Writ of Habeas Corpus filed by petitioner HENRY SEBASTIAN ROHDEN, a federal prisoner, on June 9, 2006. By his habeas application, petitioner appears to be challenging his January 27, 1993 state court conviction for the felony offense of aggravated assault out of the 320th Judicial District Court of Potter County, Texas. For the reasons set forth herein, it is the opinion of the undersigned United States Magistrate Judge that petitioner's application for a writ of habeas corpus should be DISMISSED as time barred.

I.
PROCEDURAL HISTORY

In his habeas application, petitioner indicates that on January 27, 1993, he pleaded guilty to the offense of aggravated assault in Cause No. 31,947-D, the trial court accepted his guilty

plea and assessed petitioner's punishment at ten (10) years confinement.  Petitioner did not seek a direct appeal of his conviction or sentence.

On August 9, 2004, petitioner filed a state application for a writ of habeas corpus challenging his aggravated assault conviction.  On June 22, 2005, the Texas Court of Criminal Appeals denied such application without written order on the trial court's findings without a hearing.  *Ex parte Rohden*, No. 60,211-01.  On May 20, 2006, petitioner delivered the instant federal habeas application challenging his conviction and sentence to prison officials for mailing.[1]

## II.
## PETITIONER'S ALLEGATIONS

Petitioner alleges his conviction was in violation of the Constitution and/or laws of the United States for the following reasons:

1. Petitioner was denied due process because the State failed to provide petitioner with advanced written notice of the amended aggravated assault charge prior to they entry of his guilty plea;

2. Petitioner's guilty plea was involuntary because the State failed to provide petitioner with advanced written notice of the amended aggravated assault charge prior to his guilty plea and, thus, he did not fully understand the consequences of pleading guilty to the amended charge;

3. Petitioner's right against self incrimination was violated when the state trial court failed to warn petitioner, during the probation revocation, of his right to remain silent and that any statement he did make could be used as evidence against him on the original charge of aggravated assault;

4. Petitioner's plea was involuntary because the trial court failed to address petitioner personally in open court, so as to sufficiently determine whether

---

[1] *See Spotville v. Cain*, 149 F.3d 374, 376-78 (5th Cir. 1998) (a prisoner's federal habeas corpus petition is deemed filed when he delivers the petition to prison officials for mailing to the district court).

  petitioner's plea of guilty on the amended charged of assault was knowing and intelligent, and incorrectly advised petitioner of the charge against him;

5. Petitioner's guilty plea was involuntary because it was induced by misrepresentations; and

6. Petitioner's guilty plea was involuntary because he was not adequately admonished by the state trial court to determine that he was in fact entering a plea voluntarily and with full understanding of his rights.

### III.
### AEDPA LIMITATIONS PERIOD

Section 28 U.S.C. § 2244(d)(1) establishes a one-year limitation period for filing a habeas petition in federal court. That subsection provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.[2]

---

[2] Title 28 U.S.C. § 2244(d)(2) further provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

This tolling provision, however, is not applicable in this case.

Petitioner's claims relate only to the validity of his January 27, 1993 conviction. The record does not reflect that any unconstitutional State action impeded petitioner in his filing of the instant federal writ, 28 U.S.C. § 2244(d)(1)(B), nor do petitioner's claims involve a constitutional right recognized by the Supreme Court in the last year and made retroactive to cases on collateral review, 28 U.S.C. § 2244(d)(1)(C). Petitioner appears to argue, however, that he could not have discovered the factual predicate of his claims until a date subsequent to the final conviction date. *See* 28 U.S.C. § 2244(d)(1)(D). Specifically, petitioner notes he was assessed a federal sentence in this Court on July 29, 2003, and that his state aggravated assault conviction was used to enhance his punishment. Petitioner appears to argue he did not know his unconstitutional state conviction could be used to further harm him until his federal court sentence was imposed on July 29, 2003. Petitioner maintains he thereafter timely filed his state habeas corpus application on July 20, 2004, which was subsequently denied on June 22, 2005.

   The undersigned finds no merit in petitioner's argument that the limitation period on his state aggravated assault conviction did not begin until July 29, 2003, the date he was sentenced in federal court. Petitioner was aware of, or should have been aware of, any constitutional infirmities in his state convictions well before the imposition of his federal sentence. The mere fact that petitioner did not believe his purported unconstitutional state convictions would further harm him and thus chose not to challenge said convictions earlier is not a sufficient basis upon which to set off or delay the running of a limitation period. Consequently, the one-year limitation period in this case began to run on "the date on which the judgment became final by the conclusion of direct

review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).[3]

The state trial court imposed petitioner's 10-year sentence in open court on January 27, 1993. Therefore, petitioner had thirty (30) days in which to file a Notice of Appeal initiating a direct appeal of his conviction and sentence. *See* Tex. R. App. P. 26.2(a)(1). Petitioner, however, failed to do so. The time period in which to file his Notice of Appeal expired on February 26, 1993 and, thus, petitioner's conviction became final as of that date. The one-year limitation period, however, was not enacted until April 24, 1996 and is not applied retroactively.[4] Consequently, a petitioner is afforded one year following the act's effective date of April 24, 1996, or until April 24, 1997, subject to any applicable tolling, to file a federal application for a writ of habeas corpus. *Flanagan v. Johnson*, 154 F.3d 196, 201 (5th Cir. 1998).[5] Accordingly, petitioner had until April 24, 1997 to challenge his state court conviction. Petitioner however, filed nothing related to his conviction until his state habeas application, which was filed July 20, 2004, and denied June 22, 2005.[6] Petitioner's instant application is therefore untimely and should be dismissed.

## IV.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by petitioner HENRY SEBASTIAN

---

[3] Even if this Court were to begin the running the of limitation period on July 29, 2003, petitioner's habeas application would be time barred. Petitioner did not file his state habeas petition until July 20, 2004, almost a year later, and then waited almost another full year after the state habeas petition was denied on June 22, 2005 to submit the instant federal application on May 20, 2006.

[4] The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, tit. I (1996), enacted on April 24, 1996.

[5] The time limitation imposed by section 2244 applies to the instant habeas application because it was filed after the effective date of the act. *See Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).

[6] Petitioner is not entitled to "tolling" for the period his state habeas petition was pending because it was filed after the expiration of the limitation period.

ROHDEN be DISMISSED as time barred.

V.
INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file-marked copy of this Report and Recommendation to petitioner by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this <u>10th</u> day of October 2006.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

**\* <u>NOTICE OF RIGHT TO OBJECT</u> \***

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the file mark on the first page of this recommendation. Service is complete upon mailing, Fed. R. Civ. P. 5(b), <u>and</u> the parties are allowed a 3-day service by mail extension, Fed. R. Civ. P. 6(e). Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed**. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).